Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TUSO, individually on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUN RIDGE REAL ESTATE, INC., a California corporation, and AIDAN BURLESON, a California individual,<br><br>Defendants. | Case no.<br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Richard Tuso ("Plaintiff" or "Tuso") brings this Class Action Complaint and Demand for Jury Trial against Defendants Sun Ridge Real Estate, Inc. ("Sun Ridge Real Estate") and Aidan Burleson ("Burleson"), to stop Defendant Sun Ridge Real Estate from directing real estate agents like Defendant Burleson to violate the Telephone Consumer Protection Act ("TCPA") by placing calls to telephone numbers registered on the Do Not Call Registry ("DNC") without consent, and to otherwise obtain injunctive and monetary relief for all persons injured by Defendants' actions. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

This case specifically addresses a consumers' right to be left alone from intrusive calls from realtors soliciting their services at the behest of their brokerages. Defendant Sun Ridge Real Estate trains its real estate agents to make cold calls to generate listings for its own benefit and ratifies this lead generation tactic which violates the TCPA.

**PARTIES**

1. Plaintiff Tuso is a Roseville, California resident.

2. Defendant Sun Ridge Real Estate is a California corporation that conducts business throughout this District.

3. Defendant Aidan Burleson is a real estate agent located in Roseville, California and conducts business throughout this District.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in and do business in this District, and because the wrongful conduct giving rise to this case was directed from the Defendants from this District to the Plaintiff who also resides in this District.

**INTRODUCTION**

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019

alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in January 2023 alone, at a rate of 145.5 million per day. www.robocallindex.com (last visited February 5, 2023).

12. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

*and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant Sun Ridge Real Estate is a real estate brokerage with offices in Roseville, California and Lincoln, California.[3]

16. Defendant Burleson works as a Sun Ridge Real Estate agent.[4]

17. Sun Ridge Real Estate provides a 4-week productivity training course for its real estate agents that is named AMP – Achieving Maximum Productivity.

18. Defendant Sun Ridge Real Estate describes AMP as being a 4-week productivity course with a strong focus on lead generation, business development, habits and tactical learning:



**coldwellbankersunridge** Congratulations to our amplifiers who have completed the A.M.P course (Achieving Maximum Productivity)!
AMP is a high intensity four-week productivity course with a strong focus on lead generation, business development, habits, and tactical learning. This is a group of highly motivated individuals and we are so lucky to have them on our team and see them excel!
-Good, better, best. Never let it rest. Until your good is better and your better is best."-Tim Duncan

#springtraining #learning #amp #achievingmaximumproductivity #coldwellbanker #coldwellbankersunridge #coldwellbankersunridgerealestate #sunridgerealestate #nextlevel #focused #accountable #education [5]

19. Defendant Burleson completed the AMP course on February 25, 2022 according to a post on Facebook by Defendant Sun Ridge Real Estate who congratulated it's AMP graduates:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.cbsunridge.com/
[4] https://www.cbsunridge.com/meet-our-realtors/
[5] https://www.instagram.com/p/CaawTidPIV6/

CLASS ACTION COMPLAINT
-4-



[6]

20. Prospecting to generate new business is a core component of the AMP course. This prospecting includes cold call training, as per an AMP course description that was posted on YouTube by another broker teaching the same course:

---

[6] https://www.facebook.com/coldwellbankersunridgerealestate/photos/pb.100062224907043.-2207520000./5240102739375094/?type=3



It's All About Santa this Weekend and the All New AMP at Coldwell Banker Colorado!!![7]

As per the screenshot shown above, the 2nd week of AMP's training includes "Getting New Business NOW: - Identify Proven Lead Generation Sources, Working with FSBOs (for sale by owner), Expired's and Farming" all of which are examples of real estate agents contacting consumers they have not had prior business or contact with before.

21. According to another real estate agent who took the AMP course, AMP teaches realtors to "make cold calls. To follow scripts."[8] The same agent then goes to explain that in the AMP manual that accompanies the AMP course, actual telephone scripts for realtors are provided to be used when placing cold calls to consumers.

22. The AMP course includes training on real estate farming. Real estate farming is commonly known in the real estate business as prospecting whereby a real estate agent markets him/herself to residents in a neighborhood/defined area.[9] This would include letting consumers

---

[7] https://www.youtube.com/watch?v=VMvzAFh6dS0
[8] https://youtu.be/OP5A65vv2Tk?t=54
[9] https://blog.narrpr.com/tips/ultimate-guide-geographic-farming/#:~:text=Farming%2C%20also%20known%20as%20geographic,earns%20referrals%20and%20gains%20listings.

know about properties that have either been recently listed or sold in a neighborhood/defined area, as per Plaintiff Tuso's experience.

23. Real estate agents from all over the U.S. have posted feedback about the AMP course, referencing the phone calls they were encouraged to place, including:



[10] https://www.youtube.com/watch?v=tbtb6LcSgVs

[Screenshot of YouTube video showing a woman speaking with text "Get me motivated & calling people" and caption "Achieve Maximum Productivity (AMP!)"][11]

24. Ultimately, Sun Ridge Real Estate knows or should know about Burleson's telemarketing conduct. Notwithstanding, Sun Ridge Real Estate does nothing to stop this illegal conduct, and instead seeks to and does profit from and otherwise reinforce it through coaching and training programs for all Sun Ridge Real Estate agents.

25. As a result of the training that is provided by Sun Ridge Real Estate, its real estate agents are placing unsolicited calls to telephone numbers that are registered on the DNC, as per Plaintiff Tuso's experience.

**PLAINTIFF TUSO'S ALLEGATIONS**

**Consistent with Sun Ridge Real Estate's Direction, Defendant Burleson Placed Cold Calls to Plaintiff Tuso**

26. Plaintiff Tuso registered his cell phone on the DNC on July 2, 2003.

27. Plaintiff Tuso's cell phone number is not associated with a business and is used for personal use only.

---

[11] https://www.youtube.com/watch?v=5ypTQsFvEDU

CLASS ACTION COMPLAINT
-8-

28. Plaintiff Tuso's cell phone number is used as if it was a residential landline for personal matters including communicating with family and friends.

29. On December 22, 2022 at 10:49 AM, Plaintiff Tuso received an unsolicited call from Defendant Burleson to his residential landline number, from phone number 916-500-0550. This call was not answered and no voicemail was left.



30. When the aforementioned call was not answered, Plaintiff received an unsolicited phone call from Defendant Burleson, also at 10:49 AM from phone number 916-500-0550 to his cell phone number.

31. On December 22, 2022 at 10:51 AM, Plaintiff received a 2nd unsolicited call from Defendant Burleson to his cell phone, from phone number 916-500-0550:



32. When Plaintiff Tuso answered the 10:51 AM call, Defendant Burleson introduced himself as a real estate agent with Sun Ridge and began by explaining that he had just sold a property in the neighborhood for approximately $651,000. The purpose of the call was to determine if Plaintiff Tuso was looking to buy or sell a property. Plaintiff Tuso explained that Burleson was in violation of the DNC and asked Burleson to remove his cell phone number from whatever call list Burleson was using.

33. Plaintiff Tuso was not looking to purchase or sell a property. The call from Defendant Burleson, on behalf of Defendant Sun Ridge Real Estate was unsolicited.

34. The unauthorized telephone calls made by Defendant Burleson on behalf of Defendant Sun Ridge Real Estate, as alleged herein, harmed Plaintiff Tuso in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

35. Seeking redress for these injuries, Plaintiff Tuso, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited phone calls to telephones numbers that are registered on the DNC.

**CLASS ALLEGATIONS**
**Class Treatment Is Appropriate for Plaintiff's TCPA Claim**

36. Plaintiff Tuso bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) the Defendants called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been

CLASS ACTION COMPLAINT
-10-

listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason the Defendants called Plaintiff.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which any Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff Tuso anticipates the need to amend the Class definitions following appropriate discovery.

38. **Numerosity**: On information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Tuso and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. whether Sun Ridge Real Estate or its real estate agents systematically placed multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent;;

    b. whether the agents made those calls without prior express written consent;

    c. whether Sun Ridge Real Estate is vicariously liable for the agents' calls; and

    d. whether Defendants' conduct was willful or knowing, entitling the class to treble damages.

40. **Adequate Representation**: Plaintiff Tuso will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Tuso has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff Tuso and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Tuso nor his counsel have any interests adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tuso and the Do Not Call Registry Class)**

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendants violated 47 C.F.R. § 64.1200(c) by causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call and/or text message in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in statutory damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tuso, individually and on behalf of the Class, pray for the following relief:

CLASS ACTION COMPLAINT
-13-

49. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Tuso as the representative of the Class; and appointing his attorneys as Class Counsel;

50. An award of actual and/or statutory damages and costs;

51. An order declaring that Defendants' actions, as set out above, violate the TCPA;

52. An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

53. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Tuso requests a jury trial.

Respectfully Submitted,

**RICHARD TUSO**, individually and on behalf of those similarly situated individuals

Dated: March 6, 2023.       By:   /s/ *Rachel E. Kaufman*

Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*